UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DE'ANDRE M. LOGAN, | ) |
| Petitioner | ) |
| vs. | ) Case No. 4:20-cv-00935-AGF |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner De'Andre Logan's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On April 17, 2019, Petitioner pled guilty to two counts of a six-count indictment. These counts charged Petitioner with carjacking, in violation of 18 U.S.C. § 2119, and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The Court accepted Petitioner's plea, and on July 24, 2019, sentenced Petitioner to 156 months' imprisonment.

In his pro se motion under § 2255, Petitioner claims that his plea counsel provided ineffective assistance by (1) not clarifying unambiguously that Petitioner was pleading guilty to the charge of brandishing a firearm in furtherance of a crime of violence, as Petitioner claims he believed that charge would be dropped and/or that he would be permitted to challenge the charge at sentencing; and (2) not challenging the violation of Petitioner's speedy trial rights. As the record conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

**Criminal Proceedings**

  a. **Indictment and Pretrial Proceedings**

Petitioner was indicted on with co-defendant William Young ("Young") on June 21, 2018, and charged with three counts of carjacking, in violation of 18 U.S.C. §§ 2 and 2119; and three related counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). *United States v. De'Andre Logan*, Case No. 4:18-cr-00542-AGF.[1]  At the time of his indictment, Petitioner was incarcerated in the St. Louis City Justice Center; therefore, the Government filed an application for a Writ of Habeas Corpus Ad Prosequendum, and the Court issued that writ the same day.  Crim. ECF No. 6.

The Federal Public Defender's Office was then appointed to represent Petitioner for his initial appearance and all further proceedings.  On July 11, 2018, Petitioner made his initial appearance before a Magistrate Judge, who thereafter scheduled an arraignment and detention hearing.  Crim. ECF No. 11, Minute Entry.

On July 13, 2018, Petitioner, represented by appointed counsel, waived his right to a detention hearing.  Crim. ECF No. 20.  On July 18, 2018, Petitioner was arraigned, entered pleas of not guilty and, through counsel, made an oral motion to suppress evidence and requested additional time to obtain and review discovery.  Crim. ECF Nos. 29, 30, 31.  The same day, the Court entered an order concerning pretrial motions, setting

---

[1]  References to Petitioner' criminal case are designated as "Crim. ECF No. ___").

forth certain deadlines in conformity with the Speedy Trial Act. Crim. ECF No. 37. The Government provided Petitioner with pretrial discovery and filed its disclosure of arguably suppressible evidence the following day, July 19, 2018. Crim. ECF No. 38.

Thereafter, Petitioner, through counsel, filed three motions for extension of time to file pretrial motions. Each motion (filed on October 11, November 21, and December 21, 2018) recited that additional time to file pretrial motions was in the interest of justice in that it allowed a reasonable amount of time for counsel to be properly prepared pursuant to 18 U.S.C. §3161. *E.g.*, Crim. ECF No. 46. In each Order granting Petitioner's motions for extension of time to file pretrial motions, the Court found that the time from the date of arraignment to the date pretrial motions or the waiver thereof were to be filed was excluded from computation of the latest date for the trial setting as prescribed by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). *E.g.*, Crim. ECF No. 49.

Petitioner waived the filing of pretrial motions on February 26, 2019. In her notice of intent to waive pretrial motions, Petitioner's counsel indicated to the Court that Petitioner had been fully advised of his right to file pretrial motions, that counsel had personally discussed the waiver with Petitioner, and that Petitioner agreed with the decision not to raise any issues by way of pretrial motions. Crim. ECF No. 59. The Court accepted the waiver on February 27, 2019, and the case was referred to the undersigned for plea or trial. Following advice that Petitioner wished to enter a change of

3

plea, the Court entered an Order on March 14, 2019, setting the case for a change of plea hearing on April 17, 2019.  Crim. ECF No. 63.[2]

   b. **Change of Plea**

As noted above, on April 17, 2019, Petitioner pled guilty to two counts (Counts One and Two) of the six-count indictment.  Specifically, pursuant to a written plea agreement and Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), Petitioner agreed to plead guilty to Counts One and Two in exchange for the Government agreeing to move for dismissal of the other four counts (two additional carjacking counts and two related counts of brandishing a firearm in furtherance of a crime of violence) and to refrain from bringing any further prosecution arising out of the events set forth in the indictment.  Further, the parties agreed to jointly request a sentence of 156 months' imprisonment, which was above the sentence recommended by the United States Sentencing Guidelines ("Guidelines") but which the parties agreed was appropriate based on the facts and circumstances of this case.

As part of the guilty plea agreement signed by both parties, Petitioner also stipulated to the following facts related to the two counts to which Petitioner pled guilty.[3] On January 18, 2018, at around 8:00 a.m., the victim was picking up her grandchild in front of an address on Michigan Avenue, within the Eastern District of Missouri.

---

[2] No trial date was set at that time as pretrial proceedings continued with respect to co-Defendant Young.

[3] The remaining counts, which the Government agreed to dismiss pursuant to the plea agreement, related to two additional carjackings of different victims.

4

Petitioner and his accomplice, co-Defendant Young, approached the victim; Young pointed a handgun at her and demanded her car; and Petitioner and Young drove off in the victim's car, which contained her purse, credit/debit cards, and phone.  The victim's vehicle had previously traveled across state lines and in interstate commerce.  Petitioner admitted in a post-*Miranda*[4] statement to police that he robbed the victim of her vehicle along with Young.  Petitioner further admitted that he intended to cause death or serious bodily injury, if necessary, to steal the vehicle, and that, aided and abetted by Young, he possessed and brandished a firearm in furtherance thereof.  Crim. ECF No. 68.

    At the change-of-plea hearing held on the day the plea agreement was executed, Petitioner represented that he was satisfied with his attorney's performance, that his attorney did everything Petitioner asked her to do, and that there was nothing that Petitioner could think of that his attorney should have done but did not do.  Petitioner confirmed that he understood the terms of the indictment and plea agreement; that he understood the rights he was giving up by pleading guilty, including all of his rights associated with his right to a trial; that he was guilty of both of the crimes to which he was pleading guilty; that if his plea was accepted by the Court, he would be adjudged guilty of those offenses; and that no one had represented any other facts that he was relying on in pleading guilty that he had not discussed with the Court at this hearing.  Crim. ECF No. 111, Plea Tr.

---

[4]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

The Court also explained the implication of Rule 11(c)(1)(C), which provided that if the Court accepted Petitioner's plea, it would be bound by the parties' joint request of an above-Guidelines, 156-month sentence, but that if the Court did not agree with the parties' proposed 156-month sentence, it would advise the parties of that fact and the Petitioner would then have the right to withdraw his guilty plea if he so chose.  Crim. ECF No. 111, Plea Tr. 15-17.

With respect to Count Two, charging Petitioner with brandishing a firearm in furtherance of a crime of violence, Petitioner expressly admitted that, together with Young, he carjacked the victim on the date in question and that he was present and aware that Young was brandishing a firearm in connection with the carjacking.  Plea Tr. 22:15-22.  The guilty plea agreement recited the maximum possible statutory penalties for both of the crimes to which Petitioner was pleading guilty, and as to Count Two recited that Petitioner "fully underst[ood] that the sentence for Count Two requires a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed."  Crim. ECF No. 68, Guilty Plea Agreement at 4.

The Court also engaged Petitioner in the following colloquy regarding Count Two:

> The Court: All right. And with respect to Count Two it works a little bit differently. The Base Offense Level for that is found in Section 2k2.4(b) and pursuant to that there are no other adjustments. You don't get a reduction for acceptance of responsibility with respect to that matter and with respect to Count Two. You understand that there is a mandatory minimum seven-year sentence or 84 months that must run - - be imposed consecutively to any other sentence that you receive; do you understand?
>
> The Defendant: Yes, ma'am.

6

>    The Court: So, that means 84 months in addition to any sentence that you receive with respect to Count One; do you understand?
>
>    The Defendant: Yes, ma'am.
>
>    The Court: And the parties are agreeing regardless of the Total Offense Level calculated, that based upon the unique facts and circumstances of this matter, that the sentence should be at 156 months; do you understand?
>
>    The Defendant: Yes, ma'am.
>
>    * * *
>
>    The Court: And with respect to Count Two, as we have already discussed, the maximum penalty is a term of imprisonment of not less than seven years but not more than life, consecutive to any other sentence imposed, a fine of not more than $250,000 or both, and I may impose a period of supervised release of not more than five years; do you understand?
>
>    The Defendant: Yes, ma'am.
>
>    The Court: And so you understand that with respect to Count Two it carries a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed?
>
>    The Defendant: Yes, ma'am.
>
>    The Court: And so you understand that absent certain very narrow circumstances, I would have no choice but to impose a sentence of at least seven years consecutive with respect to Count Two?
>
>    The Defendant: Yes, ma'am.

Pl. Tr. 28-32. The Court ascertained the factual basis for the guilty plea and accepted the plea as knowing, intelligent, and voluntary.

**c. Sentencing**

On July 24, 2019, the Court held a sentencing hearing at which Petitioner appeared through counsel. Petitioner confirmed at the hearing that he had reviewed the United States Probation Office's final presentence report with counsel.

7

The Court reiterated the mandatory, consecutive nature of the sentence imposed with respect to Count Two.  The Court also considered a sentencing memorandum and letter that Petitioner filed by way of allocution.  These documents outlined mitigating factors related to Petitioner's difficult upbringing and family life.  The Court noted that, while such factors typically would give rise to a downward variance from the Guidelines, the very serious nature of the offenses here and the substantial benefit Petitioner gained from the plea agreement—including the Government's dismissal of additional charges that would have carried two more seven-year consecutive sentences—all demonstrated the appropriateness of the parties' agreed-upon 156-month sentence.

The Court thus imposed a sentence of 72 months' imprisonment on Count One, which was an upward variance that accounted for the seriousness of the offenses and the benefit that Petitioner received as a result of the pela agreement, to be followed by the required 84-month consecutive sentence on Count Two, for an aggregate of 156 months' imprisonment, as the parties agreed upon.  The Court noted that it typically would have ordered that this sentence run consecutive to Petitioner's pending state court sentence in light of the differences in the two offenses.  However, given the length of the federal sentence imposed, Petitioner's young age, and the other mitigating factors noted above, the Court ordered that the sentence on Count One run concurrently with any sentence imposed in Petitioner's state case.  Crim ECF No. 113.  Petitioner did not file an appeal.

**Motion to Vacate**

As noted above, Petitioner asserts two ineffective assistance of counsel claims under § 2255.  Petitioner claims that his plea counsel was ineffective in failing to (1)

8

explain to Petitioner that he was pleading guilty to Count Two and (2) challenge the violation of Petitioner's rights under the Speedy Trial Act. The Government responds that each claim is without merit.

## DISCUSSION

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver provisions." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). However, a petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006) (citation omitted).

To establish ineffective assistance of counsel, "the petitioner must show counsel's representation fell below an objective standard of reasonableness and that such deficient performance prejudiced the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice requires the petitioner to show a "reasonable probability" that the outcome would have been different but for the deficient performance. *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014) (citation omitted). In the context of a guilty plea, this requires the

petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019) (citation omitted).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1045 (citation omitted). "Instead, [j]udges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

**Petitioner's Ineffective Assistance of Counsel Claims**

Petitioner has not demonstrated ineffective assistance of counsel. With respect to his first claim, Petitioner does not challenge that there was a sufficient factual basis for his guilty plea on Count Two[5] but instead argues that his attorney was ineffective for

---

[5] Nor could Petitioner challenge the basis for the guilty plea as he acknowledged under oath that he was guilty of the crimes charged, including aiding and abetting his co-defendant, whom he knew was brandishing a handgun in connection with a crime of violence (the carjacking). *See, e.g.*, *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam) (noting that "we treat an aider and abettor no differently than a principal" under § 924(c)).

10

failing to clearly explain that he was pleading guilty to Count Two and would not be permitted to challenge that Count at sentencing.

Petitioner's assertion is contradicted by the record. In both the written plea agreement and the extensive plea colloquy held with the Court under oath, Petitioner repeatedly represented that he read, discussed with his attorney, and understood the plea agreement; that he understood he was pleading guilty to both Counts One and Two; that he understood the charges to which he was pleading guilty; that he understood the sentence that would be imposed if the Court accepted his guilty plea and, in particular, the mandatory and consecutive nature of the sentence with respect to Count Two; and that he was guilty of both of the crimes charged. *See Meza-Lopez*, 929 F.3d at 1045 ("A reasonable attorney could have determined that the record, including the government's uncontested evidence and [the defendant's] own [plea] colloquy with the magistrate judge, established an adequate factual basis for [the defendant's] guilty plea . . . .").

Indeed, Petitioner specifically acknowledged that by pleading guilty he would be adjudged guilty of the offenses:

> The Court: And do you understand that if you plead guilty and I accept your plea that you will be waiving or giving up your right to a trial and the other rights associated with a trial that I've just described?
>
> The Defendant: Yes, ma'am.
>
> The Court: So you understand that by pleading guilty there will be no trial?
>
> The Defendant: Yes, ma'am.

11

> The Court:  But that a judgment of guilty will be entered *on those counts and sentence imposed just as though you had been found guilty after a trial?*
>
> The Defendant:  Yes, ma'am.

Pl. Tr. 12 (emphasis added).  *See also* Pl. Tr. 34: 9-18 (Petitioner acknowledging that if his plea was accepted, he "would be adjudged guilty of those offenses").  Petitioner also specifically acknowledged that he was waiving all rights to appeal all sentencing issues other than the calculation of his criminal history score.  Pl. Tr. 38.

Moreover, Petitioner's first claim is contradicted by his repeated representations to the Court during the plea-taking that he was satisfied with his counsel's representation; that there were no questions he had that his counsel had not answered; and that there was nothing he asked his counsel to do that counsel had not done.  Finally, and most importantly, Petitioner has not demonstrated prejudice resulting from his attorney's conduct.  Petitioner does not allege that, but for his counsel's alleged failures, he would have proceeded to trial.  Nor would such an assertion be credible.  As noted above, he may have faced a much longer term of imprisonment—including mandatory consecutive sentences totaling an additional 14 years on the two dismissed 924(c) charges—in a trial.

Regarding Petitioner's second claim, although the basis for Petitioner's speedy trial act claim is not entirely clear, Petitioner appears to base his claim on the fact that he was first arrested on state charges on January 19, 2018, and after pleading guilty to stealing, the remaining charges were dismissed in lieu of federal prosecution.  He asserts that he was not indicted within 30 days of his arrest (referencing his state arrest), noting that the state charges were ultimately dismissed, and that counsel was ineffective in not

12

raising this violation. He further asserts that following the federal indictment, he asked counsel not to continue his court dates and extend the 70-day speedy trial date for commencing the trial, but that counsel did so anyway.[6]

Petitioner's first argument fails as it is based on a misreading of the Speedy Trial Act. The law is clear that the 30-day time period under the Act begins to run with respect to a *federal* arrest or summons. *United States v. Beede*, 974 F.2d 948, 950-51 (8th Cir. 1992). An earlier state arrest does not affect the speedy trial analysis on subsequent federal charges, either under the Act or the Sixth Amendment. *United States v. Haynes*, 958 F.3d 709, 713 (8th Cir. 2020); *United States v. Garner*, 32 F.3d 1305, 1309 (8th Cir. 1994). As the Supreme Court has held, "an arrest or indictment by one sovereign would not cause the speedy trial act guaranty to become engaged as to possible subsequent indictment by another sovereign." *United States v. MacDonald*, 456 U.S. 1, 10 n.11 (1982).

Nor does Petitioner have any cognizable claim based on the 70-day period set forth in 18 U.S.C. § 3161(c)(1). The time period was tolled by Petitioner's initial oral motion to suppress evidence and written motion for additional time to obtain and review discovery. Thereafter, Petitioner, through counsel, moved for extensions of time in order

---

[6] Again, Petitioner raises this claim as an ineffective assistance of counsel claim, rather than an independent speedy trial claim. In any event, an independent speedy trial claim would fail for the separate reason that Petitioner waived such a claim by knowingly and voluntarily entering the guilty plea agreement containing a relevant waiver, and by failing to file a direct appeal. *See United States v. D.B.*, 61 F.4th 608, 613 (8th Cir. 2023) (holding that "it has long been settled that the issue of the right to a speedy trial is non-jurisdictional in nature" and may be waived by a valid plea agreement) (citation omitted).

to adequately prepare for trial pursuant to 18 U.S.C. § 3161.[7] Those motions were granted by the magistrate judge under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). There is no indication in the record that the Government was unprepared to go to trial if Petitioner had asserted his speedy trial rights. *See, e.g.*, *Izatt v. United States*, 724 F. App'x 610, 611 (9th Cir. 2018) ("With regard to counsel's request for a continuance, Izatt fails to allege prejudice. If Izatt's counsel had not agreed to continuances, Izatt would have proceeded to trial on time, and there would have been no basis for a motion to dismiss the charges."). An attorney's failure to raise a meritless argument does not constitute ineffective assistance. *E.g.*, *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010).

To the extent that Petitioner asserts that his counsel requested the continuances or waived Petitioner's speedy trial rights without his consent, such argument is again contradicted by Petitioner's sworn statements during his plea colloquy that he was satisfied with his counsel's representation and that there was nothing he asked his counsel to do that counsel had not done. Regardless, "the decision whether to move to dismiss for a speedy trial violation is a tactical decision of trial strategy . . . which counsel could properly make without his client's input." *Thomas v. United States*, 737 F.3d 1202, 1209 (8th Cir. 2013). Counsel's requests for additional time to review the discovery with Petitioner and determine whether to file any pretrial motions was objectively reasonable, especially given the complexity of the case and the severity of the charges.

---

[7] The deadline to file pretrial motions was initially extended on motion of co-Defendant Young, but thereafter, Petitioner's counsel also filed motions to extend the deadlines.

**Evidentiary Hearing**

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715  (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner De'Andre Logan's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2023.